Monarch Kea Technologies v. Anticancer, Inc. May it please the Court, in summary, Mauna Kea contends that the District Court made essentially four errors in law in denying attorney's fees, and that each of these errors constitutes an abuse of discretion. First, the District Court misconceived the nature and effect of the declaratory judgment procedural posture. Second, the District Court erroneously concluded that Mauna Kea was not entitled to fees arising from its invalidity defense and other routine litigation activities such as discovery, claim construction, and client reporting. Third, even... Can I just ask you, I mean, just, you all filed D.J. action seeking judgment of invalidity of seven patents. They responded with counterclaims of infringement of three patents. Correct. Does your attorney's fee request include any work done on the four? The four, that is, the difference between seven and three. No, it doesn't, and it doesn't because our... Was that clear to the District Court? I think it should be, because our request for attorney's fees only starts when the attorney's fees incurred when they asserted their... Counterclaims. Did you drop your affirmative claims for invalidity and non-infringement of the four after they filed their counterclaims of the three? Those other four patents played no part in the litigation after that. How is the district judge, or we, supposed to know that? They weren't part of the infringement contentions or the invalidity contentions. You initiated this litigation, and I think it was June or something of 2010 or 2011? I think that's right. You began litigation over seven patents. In November, was it, they file a counterclaim and say, there are three that we care about. That's right. So there's five months of work, presumably on all seven. At least, I guess I'm curious, what happened to the other four in November? Did you say, okay, we hereby amend our complaint to drop them, or are we going to continue litigating about them because we're also worried about them, and even though they're not asserting infringement of those four now, we would really like an invalidity determination on all seven? Well, the answer is that nothing happened with those other claims. I think there was an assumption that nothing could happen because, precisely because, they weren't asserted in response to the request for declaratory judgment. They weren't part of anti-cancer's infringement claim, and therefore, there was no jurisdiction, there was no cancer controversy, there was nothing to be decided. Sure there was. Those claims weren't dismissed for lack of jurisdiction, and I don't even understand your argument about why there's no jurisdiction, nor do I understand the argument you made to the district court, which luckily for you, you didn't make to us, about since they're a compulsory counterclaim, there's no jurisdiction. That makes no sense. That is a legally completely erroneous argument. So you absolutely do. The fact that they didn't counterclaim, which means they didn't exercise a compulsory counterclaim, does not give you, does not effectually give you a covenant not to sue the same way a covenant not to sue would. You could be sued for other products. You could still very well maintain a DJ action, even when they don't file a counterclaim. And so why is there suddenly no jurisdiction for the four claims you didn't dismiss? There are cases that hold that if you assert a declaratory judgment for infringement and invalidity, and the other party, the patentee, does not counterclaim, does not in response to that assert a claim for infringement, then therefore there is no jurisdiction. You didn't cite a single such case in your brief, so tell me the name of such a case. Sure. I have four cases here. Plantronics, Inc. versus Alice, Inc., 724 Federal 3rd, 1343 Federal Circuit, 2013, vacating invalidity judgment of claims not an issue for lack of jurisdiction. But why were those claims not an issue for lack of jurisdiction? What happened in that case? I believe... Wasn't it because they entered into a covenant not to sue or something like that? It wasn't because they simply failed to assert a counterclaim? I believe it was because the claims at issue became not at issue, and therefore the Federal Circuit reversed a previous holding of invalidity and held that there was no jurisdiction. Why did they become not at issue? They were withdrawn for whatever reason by the patentee. There's another case that is... We don't have that here. You didn't withdraw your declaratory judgment claim. The patentee, in that case, and in these other three cases that I can mention, the patentee withdrew the infringement claims. And as a result of that, in some cases, the party that was asserting invalidity, and in some of these cases, the party was asserting a declaratory judgment of invalidity. But in each of these cases, it was held that the invalidity question, there was no longer For example, in... Well, can I just get, I guess, back to... It seems to me that substantively, the district court could reasonably say, based on what I have been provided to date, I cannot tell how much of the work I'm being asked to award fees for was for things that I think I should award fees for. It might include work on four patents, not even part of the counterclaim. Even as to the counterclaim, the reason that I thought that I, being the district court, thought that this was an exceptional case had nothing to do with validity. It had to do with infringement. So while it is certainly right that a validity defense would defeat an infringement claim, and to the extent the district court opinion suggested otherwise, I'm not going to disagree with your criticism of that. But what she found to be exceptional, because objectively unreasonable, was the infringement allegation. So I now have a bunch of material submitted to me, and I can't tell how much of the $190,000 is actually stuff that I think I should award. I thought that the focus of your real argument was not that that was wrong, but that you were denied an opportunity to which you were entitled to provide more detail. So where does the entitlement come from? Well, it's several fold. First, we believe that the district court erred in requiring additional documentation for the several reasons for which the district court required additional documentation. To the extent that the district court required additional documentation on work done on our invalidity claim, declaratory judgment for invalidity, we believe that that was not appropriate to require the parsing of work done on the invalidity claim and the claim for infringement because there's very good case law that says a party that wins an exceptional case, where the infringement claim is declared exceptional, should be compensated for all claims for which that party should not have been forced to incur fees. And defenses are included normally in those types of fees, including untried defenses. So I don't think it does any good for Anand Icahn to argue, well, nobody ever reached a judgment on your invalidity defenses. The fact is the invalidity defenses, even in the context of a declaratory judgment where we came to the court with a declaratory judgment for invalidity. Those arose, all costs with those invalidity claims arose. How do we know that? There are certainly cases in which there's a non-infringement determination, but the accused infringer says, it's really important that I get this invalidated. And indeed, the Supreme Court in Morton Salt said, you can't just drop the one just because the first, the invalidity, just because the infringement goes away. You initiated this litigation. What is it here in this record that tells us that the work on invalidity isn't work that you would do, would have done, even if you were assured there was no infringement? Sure. I think it's the very fact that if they had not asserted the infringement claims, the declaratory judgment of the invalidity. Can you now turn to this question of entitlement to a greater opportunity to supply detail than you had? One of the errors that we could find the district court made was in concluding that our obligation to submit documentation regarding the amount and sufficiency of the fees we requested was concurrent with the motion for fees, and that any documentation that we may submit after the motion for attorney's fees was, quote, untimely or, quote, belated. And the district court cited the Ninth Circuit case, apparently cited the Ninth Circuit case for that proposition. There is no support for that proposition in that Ninth Circuit case. Neither is there any support for that proposition in Rule 54. In fact, Rule 54 requires only that we identify the amount that we're seeking in our motion, which we did. So tell me why the following understanding is wrong. Section 285 doesn't say anything about the timing of submissions. Rule 54 says we, under our rule, is not going to require more. And it actually, right, so that's permissive. So what is it that made the district court's requirement of more incorrect? I know that there's no, I guess nobody has shown them, I haven't discovered a local rule, but what is it that makes it an abusive discretion, in this case, for the district court to say, here, I think it was a problem that you didn't give me all the information, either in your opening motion or in your reply to the district court? Two separate questions, I think. One, what were the reasons and why were the reasons the district court required more information, why were those reasons wrong? Number two, why was it wrong to require, even assuming that they were correct, why was it a further separate additional error of law for the district court to require that additional information to have been submitted with the motion of return of fees? And I think that goes to exactly Rule 54, which requires only an identification fee amount, and the fact that there is no other authority, for example, a local rule, for example, the Ninth Circuit case decided by the district court, meaning we didn't have an obligation to submit documentation in support of the reasonableness and amount of our return of fees concurrently with the motion. I understand we did, we submitted summaries, and we submitted some documentation. Was there anything in prior statements by this judge, opinions from within the Southern District, anything that gave you a basis for thinking you could wait on further detail until later, or vice versa, that you had to supply in your opening motion all the detail that you were going to be able to rely on? Or are we in a position where nobody said anything by rule, or order, or precedent, and looking back, the district judge said, you should have given us more? That's exactly right. There was no suggestion either way. We assume that we were entitled to comply with Rule 54. There was no suggestion that we would have had to provide that information in local rule in any conversations with the court before the motion. But Henry, the Supreme Court says, the party seeking an award of fees should submit evidence supporting the hours work and rates claims, where the documentation of hours is inadequate, the district court may reduce the award accordingly. There's certainly a lot of precedent, Supreme Court, Ninth Circuit, and otherwise, that says it's not okay just to come in with a number, even though 54 says you can initially come in with a number. There's lots of case law that says that's not good enough. You have to support the precision. And in a case like this, where you have a claim and a counterclaim, and when there is some reasonable basis upon which to think that there ought to be a parsing of fees, isn't it, how can you say it's an abuse of discretion for the district court under these very complicated circumstances to say you didn't provide enough evidence? It's a problem here that she didn't say, like what you would have liked probably is for her to come in and say, look, I don't think what you've provided is enough, let me give you another chance to submit evidence. Our point is that there are multiple problems. One of them is timing. So even assuming that there were reasons that we needed to submit additional documentation, it was abuse of discretion to require all the evidence to have been submitted with the motion. See, there's two different arguments here, and I'm going to give you a chance to answer. Don't worry, your time's not going to run out. So there's two different arguments, right? There's the argument number one, what we submitted is enough, and it should have been deemed enough. Well, I don't know if you can tell, but we're not so enamored with that argument. At least I'm not. So point number two, that your argument is, well, and if it wasn't enough, it was more than what was required under the rule, and if it wasn't enough, common practice would have been for her to have said, you know, this is not going to be adequate to allow me to parse, submit more, and that maybe there's some sort of process violation here. Because I think what I'm describing is actually what happens, maybe it's not what should happen in the district courts. Maybe you guys should put in all the evidence in the first instance that the court needs, but I think in the true regular practice of things, that oftentimes district courts say this isn't enough or they dismiss without prejudice that you can refile with more evidence. And so there's the first argument, which is, we did do enough, but don't focus on that one. There's the second argument, which is procedurally, we offered to put more in if it was necessary. We said we would do so under seal. She should have given us that chance. Well, the second argument is that the district court concluded affirmatively that we had a concurrent obligation to submit documents with the motion. That is not the case. There's no authority for that. Rule 54 doesn't support that position. The Ninth Circuit case that the district court cites doesn't support that proposition. That's a good argument, but it seems like you're just trying to put the district court in a box. The court came back after your filing and said, I need more information. You want fees? I need more information. And in fact, you did argue below that the fees you had submitted were reasonable, didn't you? That's correct. So, the problem I have is that if we were to send this back, what's to prevent the court from looking at this and getting the same information, looking at it, and says, no fees? You argued they're reasonable already. We argued they're reasonable on the assumption that we are entitled to all fees arising after they serve their infringement claims. But you didn't ... Now, the district court disagreed with those conclusions, and we believe those were errors of law. But even if they weren't, we should not have been held to providing all the evidence for the reasonableness. No, but I think you do have a duty. I think litigants have a duty to, as officers of the court, to assist the court in the resolution of the matter. And in this case, you're looking for attorney's fees. The court's asking you for more information. Help me out here. And you say, I'm not going to help you, because the rules say I don't have to help you. I guess, and here's the other problem with what you're articulating. I started at this point, but I probably didn't do a very articulate job of it, so let me try again. The problem is, since you asserted in your D.J. seven patents, and they only counterclaimed for three, you're saying, well, if they don't counterclaim on the other four, there's ultimately going to be res judicata effect for those four, because it was a compulsory counterclaim scenario, right? Right. And a particular- Wait, wait, wait. Hear me out. Isn't it possible to amend your counterclaim at any point in the proceeding and add them into the record? Right? Of course it is. You have free leave to amend and can do so for any good cause. You've already put them in in the case in chief. The claims were dismissed. And the problem is, I don't know from this record, and nor could the district court judge ever possibly know from the one-page summary you submitted, whether any of the work you performed from the date of their counterclaim was still directed at the other four patents. And they didn't put those four patents at issue yet, so they haven't done anything that could amount to an exceptional case with regard to work done on those. Yet it's perfectly reasonable, since you still have a DJ and you didn't dismiss your DJ on those four, that you would have continued to put forth work on those four. Now, you're probably going to tell me, but we didn't, but the problem is the record doesn't show that. And it might be reasonable for me to believe you probably didn't, but the record doesn't show that. Those claims weren't dismissed, and they could have added them in at any point. And the work you were doing up until they would have added them in is on you, not on them. The district court judge can't parse that. I also realize none of this was her rationale. But I'm just saying that there exists legitimate rationales for her to have concluded that she couldn't parse, based on the skeletal information you gave her, what work was being done and precisely what claim it went to. And why is that an abuse of discretion? I know, I took a really long time with my question. I promised you would have a chance to answer it. Well, you are correct that we did not do any additional work on those four patents. Yeah, but that's not the record. And you didn't? And of course, the reason we didn't do any work on those is because they weren't part of the case. No, but they were. Because you didn't dismiss them. And until you dismissed them, they could have at any point filed a counterclaim. How many precedents have you been involved in, seldom is there a complaint that doesn't get amended at some point, right? That could have happened. One of our primary points about how all work done after they served their counterclaim was directly as a result of them asserting their baseless exceptional counterclaim, was because if they hadn't asserted their counterclaim, there would have been no jurisdiction for the court to hear anything. Not the three patents that they did assert, not the four patents that they didn't assert. When they failed to assert those four patents, jurisdiction was divested. Nothing Not at that moment it wasn't. At any point, you still had an active DJ which you hadn't dismissed and which the court had not ruled there's no jurisdiction for. There was no finality that would have caused race judicata at that point. So at that point, there is no lack of jurisdiction. Only at the conclusion of the litigation when there's finality, would there be no jurisdiction for those four to go forward. There are cases that hold that there's no jurisdiction for a court to decide invalidity in a declaratory judgment request for invalidity when the patentee did not assert infringement of those claims or when the patentee subsequently throughout the litigation withdrew some of those claims. They didn't do that here. They didn't. They still could have asserted infringement of all of those claims at any point through an amended complaint. You could well have been working on that. You were saying you weren't. But there's no evidence in this record saying you weren't. Because you gave such a skeletal description of what work was done from that point forward that it isn't directed to particular claims or patents or anything. And that's part of the problem. It's not that you couldn't have made a case for entitlement to some set of fees. I understand your point. I'm stuck with an abuse of discretion standard. I might not have decided this case the way the district court did on your fee motion. But I've gotten abuse of discretion to contend with and I can come up with lots of scenarios like I just did for you about why your skeletal description doesn't give enough information to allow me to parse. Still, the court did not come up with lots of scenarios. The court came up with several scenarios, none of which are the ones that you're outlining and all of which we contend are abuses of discretion. In terms of not awarding fees for the work we did. She did repeatedly say there's not enough in this skeletal analysis for me to understand what work went to which claims. So while she didn't articulate it anywhere near as eloquently as I just did, nonetheless, she clearly was very much on the same point, which is you didn't give me enough information to figure out what work you were doing and what it pertained to. Separating out the timing issues for a moment, still, the district court made these broad sweeps about what was categorically compensable and not compensable. And the district court said, for example, that the distinction between... If you're going to go to validity, you've already got me on that point. You don't have to worry. That was a crazy statement. It's clearly wrong. Is that where you were going? Well, I was going to talk about the distinction, just the basic distinction between a declaratory judgment request for non-infringement and a counterclaim for infringement. The district court seemed to say categorically we had to separate out these two claims. And one of our points about errors of law is that these are not separable claims because of the nature and function of a declaratory judgment action doesn't create substantive rights. It's procedural only. It doesn't create separate claims. So it was a conceptual... I find that persuasive, but what's still lacking, though, is the court was telling you, I need more information, and you didn't respond. How can that be an abuse of discretion? You put the court in a position where they had nowhere to go, and if we send it back, there's still nowhere to go. Well, the court told us that they needed more information on our motion for fees, and we had no obligation to submit information. You mean opportunity, or do you mean obligation? You're saying you have no obligation? If the court says you haven't given me enough, you do have an obligation. But that's one of the errors that we're contending was an error, was that the district court said... But are you not reading the panel? Okay, let's give Mr. Valenti a chance because we are way over, and I'll restore two minutes of your rebuttal time. Thank you, Your Honors. Matt Valenti on behalf of Anti-Cancer Incorporated, and I'd just like to say with me today is Dr. Robert Hoffman, our founder and CEO. There are some problems, though, with this decision, like, for example, when she premises part of it on validity, she seems to be under the mistaken impression that validity is relevant to infringement claims, but never relevant to a DJ, right? I mean, that's what she expressly says, and I was kind of, like, banging my head, saying, please, I wish you hadn't said that, because it's clearly wrong. That's not defensible. I don't know exactly, Your Honor. I haven't analyzed that. You mean you don't know? I haven't analyzed that point. That's part of one of the... I think you have an analyzed point. Okay, we'll do it right now. Okay. Let's do it right now on the spot. Let's do it. Because it's not a hard one. Let's do it. So, is validity ever relevant when someone brings a DJ action? Yes. Well, then, how can she say, as she... I'm not sure what part of her order you're referring to, Your Honor. Law clerk. Like page 11, where the district court says that the materials are deficient because they fail to distinguish between the hours incurred for work done on the counterclaims and hours incurred as a result of one of these non-infringement or invalidity claims. And then, later, she points out, I guess, with respect to, what is it, a March 2012 record. I don't know if this is about validity or if it's about... Right, she says, actually, this is about invalidity contentions. And so, that's probably not going to count, is her point. Now, if that was invalidity of the three patents that you asserted, that would be work relevant to defeating those claims? As you noted earlier, Monakia is the one who brought the DJ action. So, they would have needed to pursue the invalidity claims in the DJ action, whether or not Anti-Cancer brought its counterclaims. Now, today, I'm hearing from Monakia that there would be no jurisdiction to hear the counterclaims were dismissed. But that's not the argument that Monakia made before the district court. It was clear, even after Anti-Cancer dismissed its counterclaims, that Monakia was going to try to continue with its invalidity claims. And that was its plan from the beginning. That's why it filed a declaratory judgment action first in Pennsylvania. Am I right that when you filed your counterclaims on three of the patents, that they took no action or made no statement in the litigation to suggest that their other four patents were somehow out of the case? I think that's correct, Your Honor. And just as a factual matter, I should know this by now, the fees that they request begin in time when? I believe that they allege that they begin upon the filing of Anti-Cancer's counterclaims. Do you happen to have a citation for that? I could probably find it. Don't waste your time. Sure. If it's undisputed. I'm pretty sure that's undisputed. But however, as I just pointed out, it was clear that they were going to try to continue with invalidity even after we had dismissed our counterclaims. And so I think the district court was correct. And as you noted earlier, there were four other patents at issue that weren't adjudicated. And Monechia indicated that it wanted to continue the case even after we dismissed our counterclaims. Now it seems like the argument is different. Well, they wanted to, but they weren't able to, right? Once you dismissed the counterclaims, that did move the entire litigation. Correct. And that was our position. Yes. But I guess once you dismiss your counterclaims with prejudice, which is what happened here, right? Correct. Then there is an unequivocally clear, you're now forbidden from asserting those patents against them for infringement. And so it does, that act does divest the court of jurisdiction over everything, including the DJ. Correct. Right? Yes. I'd like to return to- You're claiming that the Monechia continued with its theory of invalidity against those patents that had been dismissed. And that's what the court can't personally- Well, yeah, we don't know. We don't know exactly, because the fees that were submitted, it was, as you said, a skeletal, one-page synopsis. And it's impossible to tell what exactly they were working on. If we were to send it back, what would be the scenario? Would we instruct the court, for example, to reopen, to give them another chance to amend their fee schedules or provide more information? I don't think that would be appropriate. They had plenty of opportunity. And that's the waiver issue, I think, is the most important thing that I'd like to address. Monechia keeps insisting that its interpretation of Rule 54 enables it to submit documentation at a later time from its motion, but it doesn't tell you when. When. There's no answer to when Monechia needed to do it. It seems like the answer is whenever they felt like it. And that's not appropriate. And that's a waste of judicial resources. In fact, looking in retrospect, I did Monechia a favor when, in my opposition to their motion, I clearly pointed out that they had only offered a skeletal synopsis of their fees and that that wasn't reasonable. And Section 285 explicitly requires the fees to be reasonable, and you can't assess the reasonableness with such an incomplete evidentiary record. Now, once you have a 285 finding, shouldn't there be some presumption that there's some fees involved? I don't think so. I mean, even if you, even if she would have awarded a dollar or five dollars and said, I can't make heads or tails out of these records, and I can't parse them out, I'm not getting information, here's five dollars or ten dollars. But to say zero, it seems to me to be saying that the, perhaps that the evidence they submitted supports a zero, but that wasn't the case either, was it? That's true, Your Honor, but the very clear and unambiguous language of the statute says that the court may award fees. Yes, but discretion has to be exercised for a valid reason. Like, if the court said, I'm not awarding fees because he's got glasses, I don't like a man with glasses, I don't trust him, I wear glasses. I wear glasses, so don't worry, that's not the case. But if that were the way the district court exercised her discretion, we would have to reverse, right? Right, because it would be abuse of discretion. So discretion is not unfettered. So if she had decided to not award fees, for example, because she said, you know what, both parties behaved like they were hiding the ball throughout this litigation, and while the case was exceptional and the infringement case never should have been brought, you know, they dragged him into court by virtue of this DJ when they knew there really wasn't a case for controversy, I'm not going to entertain a motion for fees in this case despite the fact that it's exceptional. That would be a completely affirmable refusal to award fees. Or if she just said, you know, in my 17 years as a district court judge, I've never seen worse attorneys on both sides. You know, I mean, there's lots of things she could have said, and these are all things I've seen district court judges say in cases like this, when they decline to award fees. And all of those are affirmable. Discretion has its bounds. She has to give a reason. True, and I think the reason that she gave was more than sufficient. But the problem is the only reason that she gave is that the documentation they provided doesn't flush it out enough. And the problem is you have a panoply of cases that talk about how, look, if the documentation is not sufficient, courts can reduce fees. But you also have cases that say, but the district court judge, if the documentation isn't sufficient, can use their own judgment to determine what a reasonable amount of fee would be under those circumstances where it's inadequate. So why isn't there an obligation for her to at least do something? Because clearly she said it was exceptional. She didn't decide no fees were appropriate because they weren't entitled to them. She decided no fees because their documentation was insufficient to establish them. So at that point, why isn't there some onus for her to give them a shot to supplement? They did have a shot. When? They had plenty of shots. When? In their reply brief on the motion. But she hadn't yet said that what they provided wasn't adequate. Well, I clearly argued that it wasn't adequate. They were put on notice of the argument that it wasn't adequate. And they offered to supplement if she thought it necessary. But I think that was a belated offer. No, it was actually in their blue brief, in their original brief. They offered that here is a summary of our hours spent and work done. We can supplement with a full detailed accounting. And we'd like to do so under seal, which is a little weird. But she could have just said, no, you need to provide more. I'm not going to put it under seal. If you don't provide more, you haven't given me enough, and I'll decide against you. And then they could have made that decision. The rule doesn't even require them to put as much detail as they did. Rule 54 just says present a reasonable number. So they did more than the rule requires. And she said not enough. Well, I think she looked at their skeletal analysis. The most important thing that she needs to follow is reasonableness. Because it says it right in the statute. On this question of timing, we seem to have a case in which nobody can point to any announcement, whether in Rule 54, whether in the statute, whether in the Ninth Circuit precedent, whether in a Southern District rule, a Southern District case, a statement from the bench by this particular district judge in this case or in others, or some local bar journal article that says, this is standard practice in this district that says, when you file a fee application, you have to supply information that if there were nothing else would suffice for a reasonable fee of award, including the segregation of awardable from unawardable amounts. Just nothing. Is that the position that we're in? I think so. And that really begs the question, who gets to decide the schedule of the case? And who gets to decide when that needs to be submitted? Is it the party unilaterally? Or is it the court, which has the inherent power to schedule its own? But after the fact? Rule 54 says in terms that the court can set any schedule it wants. But what seems to have happened here is that the court said, after all the papers were submitted, this isn't enough. End of the issue. You don't get an opportunity. Isn't that a little troubling? You had your opportunity is really what the court is saying. I mean, the opportunity was in the reply brief. During the briefing, Mauna Kea could have supplied the court with reams of documents if it chose to. And it chose not to. Suppose that Mauna Kea had followed the federal rule of civil procedure to the letter, 54 to the letter, and what it had provided was the amount sought or a fair estimate of it, without any detail. We seek $17,000 because this is a fair amount of the reasonable services. Because that's all the rule lays out. It doesn't actually lay out supporting documentation. In fact, if anything, the practice notes talk about supporting documentation in an evidentiary hearing if necessary. So what if they had followed the rule to a letter, and she came in and just denied without ever an opinion, without giving them an opportunity for a hearing, without anything? Wouldn't there be some procedural problem there? It is a procedural question, but really the substantive question and what I think is the more important rule is the statute. Rule 54 might be ambiguous on this point, but Section 285 is not ambiguous at all. The fees need to be reasonable. And so Rule 54 doesn't talk about reasonableness, but with a blanket statement, we are entitled to X number of dollars and almost no justification for that, no evidence to support that. That can't possibly be reasonable. But what about the cases that talk about how the district court, based on its own knowledge of these sorts of cases, can be an adjudicator of reasonableness of the fee in light of their own experience and can therefore remit some of the requests, if necessary, to appropriately compensate for what he or she believes is reasonable? It can, but it doesn't have to. And again, we're asking the district court to essentially do a party's homework for it. And when that party had the opportunity to submit the homework itself. And I don't think that's an appropriate use of judicial resources, and I don't think that the court was required to do that. But what about the Slimfold decision? Because the Slimfold decision, which I realize is not your circuit, but it is cited, and it expressly says, where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee. And it says, in fact, the Norman case recognizes  has experience in determining what are reasonable hours and fees and should rely on that experience and knowledge if the documentation is considered inadequate. Further, while Slimfold's fee application had its flaws, yada, yada, yada. I mean, of course, nobody wants fee things to result in a second litigation, but at some point, at least some of these circuit court cases indicate that the district court shouldn't just immediately reject as insufficient on the first try an exceptional case where a fee entitlement should exist if documentation is provided. I mean, this isn't a case where she exercised her discretion because she decided they didn't deserve fees. This is a case where she said they simply failed to establish their entitlement on the records they have. I mean, in those cases, the circuit seemed to say district courts should do a little more by way of the records. Again, I don't think the district court is obligated to do a party's work for them, especially when the party has had the opportunity. There is evidence in the record of work being done. I mean, she saw work being done. Sure, of course there was work done. So for the court not to have any fees, to say zero, I think it does get close to an abuse of discretion. Had she said a dollar, then probably there's no abuse of discretion. That's a figure. The problem I have is having a case that's exceptional, making that finding, and then saying, but there's no fees. Well, the statute doesn't require fees to be awarded even if there's an exceptional case. It requires reasonable fees. It simply says that the court may award reasonable fees. And may is permissive. It's not an absolute requirement. Well, that would be true if the schedules that were submitted, the fee sheets, proved a zero amount. Then we would say that amount is reasonable. Well, the other thing to consider is the Supreme Court's case, Octane, which was decided very recently, which changed the rule on how to find a case exceptional, but also made clear that you don't defend on the alternative ground that this case actually was not exceptional. You accept that. Particularly in light of the Octane decision, we decided not to cross appeal. We don't necessarily agree that the case was exceptional, but we felt it wouldn't be prudent or a good use of judicial resources to cross appeal on that issue in light of the Octane case. But the Octane case also holds pretty clearly that the only constraint on the district court in awarding fees is that they be reasonable. Without sufficient evidence before the court to determine the reasonableness, I think what the court did was fully justified and not an abuse of discretion. Okay, counsel. I think we need to move on. Sure. Mr. Goring, you have two minutes for rebuttal. I think what the court was alluding to regarding Slimfold and PPG is exactly the case here where in the cases where it may admit if it is the case that the documentation is insufficient, it's still not within the court's discretion to award no fees because the Supreme Court says and Hensley v. Eckert that where documentation is insufficient that may be a basis for a reduction of fees but not the elimination of fees. And in Slimfold, there is a specific statement that that does not absolve the court from its obligation. Why shouldn't we accept the district court's opinion as saying that the documentation that was submitted establishes a zero fee here or that there's no fees? It's much like a court would get a medical opinion and say this has no nexus it doesn't address the issue in this case it's out. No way it's not involved in the case anymore. Here we have what you submitted asked for additional information and the judge is unable to make a fee determination. Shouldn't we accept that as your document's proving a zero fee? No, I think there wasn't any suggestion that the court wouldn't have awarded fees if the documentation was sufficient for the court to parse the fees as it believed was necessary. I don't think there was any suggestion that there was any possibility that a parsing as the court required would have resulted in a zero reasonable fee determination. Can I just ask you this is obviously an outside the record kind of question but there must be fee applications every week, every month in the Southern District of California and that must have been true for years and years and years and years and yet we don't have anything that tells us one way or the other whether there is a demand an expectation, a practice of submitting a little or pretty much everything or something in between in the opening fee application. How could there not be at least a practice? I'm not aware of any set practice in the Southern District of California about the sufficiency of documents. I know in the Northern District of California the local rules expressly require a summary of the fees and do not the Northern District for example does not want all the details of the fee, they want summaries. In the Southern District I'm not aware of any established practice about what documentation is required and that's why it wasn't in our initial fee application and well actually I don't even want to characterize it as a fee application, it was a motion for fees and we expected to have a fee application separately in accordance with Rule 54. And is that what normally happens? Yes, I mean I believe so, yes of course pursuant to the obligation of Rule 54. So it's like a liability and a damages phase? Is that what you're saying? That's exactly what I'm saying and I think that can only be the reasonable conclusion when somebody reads Rule 54 and sees that when they make a motion for attorney's fees they do not have to submit all the documentation in support of it and that they only have to identify the amount that they seek. Did you file a reconsideration below or anything on this? Did you say District Court Judge give us a chance we'll give you all the documents if you thought what we had was insufficient? We did not, we did not because we didn't feel that would be fruitful in light of the fact that we believe District Court made multiple for. Why wouldn't that be fruitful if you really believe what you just represented to us which was there is no indication she wouldn't have given you fees this is not a case where she was exercising her discretion to decide there was no need or reason for fees here. So the reason is because we could have submitted if we had done a motion for reconsideration and the court had accepted additional documentation to parse the fees as the court wanted to there was still our contention which we still contend today that the reasons that the court wanted to parse all the reasons the court wanted to parse to separate the declaratory judgment claims and the litigation activities such as inability client reporting discovery we believe those were also errors of law and when we compound these errors of law amounting to at least four generally we didn't think it would be fruitful to If there is no motion for reconsideration haven't you waived the opportunity at that point to provide additional information even if we were to send it back if we were to send it back the court is going to be left with the very same information that the court looked at and said it's insufficient the answer to that is to provide more information now your statement that you filed and you sought no reconsideration would suggest to me that you waived completely the opportunity to even provide additional information in the event we were to send it back I don't think there's any sense in which we would have been required to file a motion for reconsideration if it's the case that as we contend that there are one or more it was one avenue one procedural way by which we could have achieved another shot but that doesn't mean that the other avenue we chose which was to appeal No but before you appeal that's your shot to go back to the court and say okay we get it now we want you to reconsider and attach to this motion our 100 pages of detailed attorney's fees work Well we believe that all that would have achieved would perhaps be a reduction of the number of errors that we contend the district court committed and not a full resolution Would you be in a better position here before us had you done that? Perhaps but I don't think we waived any arguments by not doing that Okay Thank you Mr. Gehring